New York County.—Hon. D. G. ROLLINS, Surro-
gate.—June, 1887.

## Matter of Van Ness.

*In the matter of the estate of* Christian Van Ness,
*deceased.*

Testator, by his will, directed that, out of the income of his estate, $140
be annually applied to the maintenance, during life, of his daughter
A., a person of unsound mind; gave the remaining income to his wife
for life; and further provided that, at the death of his wife, should A.
be living, all his estate except the sum set apart for the maintenance
of the latter, be divided equally among his children who might then
be living, etc., A. survived her mother.—

*Held,* that A. was entitled to a share of the residue distributable upon the
widow's death.

Construction of decedent's will, upon judicial set-
tlement of account of executor thereof.

Philip Malone, *for executor.*

The Surrogate.—A decree is about to be entered
for the judicial settlement of the account of the exec-
utor of this estate.  The death of the testator's widow
has recently set free for distribution the principal of
the residuary estate which has for the past ten years
been yielding income for her benefit.  The question
now arises—who are entitled to share in this distribu-
tion.

The first article of the testator's will directed that
out of the income of his estate the sum of $140 be
annually applied for the support and maintenance
during her natural life of his daughter, Ann, a person
of unsound mind.

Article second gave to his wife, Catherine, for her life, the total income in excess of the amount applied for his daughter. Article third is in words following: "At the death of my said wife, should my said daughter Ann be still living, I direct that all my estate, of every name and kind whatsoever, except the sum herein set apart for the maintenance of my said daughter Ann, be divided equally among my children who may then be living, and the lawful issue of any deceased child, *per stirpes.*"

Ann Van Ness survived her mother and is still living; so also are three other children of the testator, and two grandchildren, children of his deceased son. It is suggested by counsel for the executor, that upon a proper interpretation of the provision last above quoted, Ann Van Ness must be excluded from taking any share in this estate, except her interest in the fund set apart for her support. If this was the purpose of the testator, he has signally failed to manifest it by his language. He has directed an equal division of the residuary estate among such of his children as should survive his widow—and Ann seems to be as much entitled to a share as any of the others. There is nothing in the terms of article fourth calculated to support the executor's contention. "At the death of my said daughter Ann," says that article, " should her mother at that time have deceased, I direct that the principal of the sum above directed to be set apart for her use . . . . . be equally divided among my children in precisely the same manner as I have directed in the last preceding article, with no respect to the rest of my estate."

As the distribution for which this article provides cannot take place until Ann's decease, and as it is directed to be made " in precisely the same manner" as the distribution provided for by article three, it is argued that the testator must have contemplated that Ann should receive no portion of the residuary estate to which such last named article relates. This contention seems to me unsound. A very natural and reasonable construction can be given to the phrase " in precisely the same manner," which will make the article of the will in which that phrase appears consistent with the *only* natural and reasonable construction of the phrase " among my children who may then be living," as used in article third.

Decree accordingly.